**Motion Granted; Abatement Order filed April 18, 2013**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-00429-CR
NO. 14-12-00432-CR
_____

**CHARLES ALLEN DONELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court
Montgomery County, Texas
Trial Court Cause Nos. 11-12-13328-CR and 11-12-13327-CR**

## ABATEMENT ORDER

The reporter's record was filed on June 5, 2012, and November 19, 2012. On March 25, 2013, appellant filed a motion to abate for a hearing regarding the filing of a complete reporter's record. The reporter's record does not contain voir dire proceedings or any hearings on pretrial motions. The State has not filed a response. The motion is granted.

Rule 34.6 allows correction of inaccuracies in the reporter's record. Tex. R. App. P. 34.6. The parties may agree to correct an inaccuracy or, if the parties

cannot agree, the trial court can hold a hearing and make a determination regarding the alleged inaccuracy and order the court reporter to correct the record. Tex. R. App. P. 34.6(e)(1)–(2). If a dispute arises regarding the accuracy of the reporter's record after the record has been filed in the appellate court, the appellate court may submit the dispute to the trial court for resolution. Tex. R. App. P. 34.6(e)(3). Accordingly, we make the following order.

Pursuant to Texas Rule of Appellate Procedure 34.6, the judge of the 435th District Court shall (1) immediately conduct a hearing at which the court reporter, appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether the reporter's record contains an inaccuracy; (b) if so, what correction needs to be made to conform the record to what occurred in the trial court. If the trial judge finds that the reporter's record is accurate, the judge shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings. Those records shall be filed with the clerk of this court **within thirty (30) days** of the date of this order.

If, however, the trial court finds an inaccuracy in the reporter's record, the judge shall order the court reporter to conform the reporter's record to what occurred in the trial court and to certify and file a corrected reporter's record with the clerk of this court within thirty (30) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or

the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM